IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 11-00140-CG-C |
| | ) | |
| ELC D'JUAN CRUM, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

This matter is before the Court on Defendant Elc D'Juan Crum's Rule 60(b) motion for relief from a judgment on the grounds of mistake, inadvertence and excusable neglect.  (Doc. 38)  Finding that no response by the United States is necessary, the Court has reviewed the matter and concludes, for the reasons stated below, that the motion shall be **DENIED**.

On May 26, 2011, the grand jury returned a five-count Indictment charging, in Count 1, that Defendant knowingly and willfully conspired to possess with intent to distribute more than 50 grams of cocaine base, also known as crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(A) and, in Counts 2 through 5, that Defendant used a communication facility (a cellular telephone) to commit a felony drug offense, in violation of 21 U.S.C. § 843(b) and § 846.  (Doc. 1)  On August 17, 2011, Defendant entered a plea of guilty pursuant to a plea agreement as to Count 1 (Docs. 19, 20).  On November 16, 2011, the Court sentenced Defendant to a 70-month term of imprisonment, 48-month term of supervised release, and a $100.00

special assessment.[1]  Judgment was entered on November 17, 2011.  (Doc. 32)

Defendant did not file a direct appeal; however, Defendant moved on October 19,

2012 to reduce his sentence pursuant to 18 U.S.C. § 3582(c).  The § 3582 motion

alleged that the Court improperly applied a two-level enhancement under U.S.S.G.

§ 2D1.1(b)(1) for possession of a firearm in connection with a drug trafficking

offense.  (Doc. 36)  The Court denied Defendant's motion on October 23, 2012.  (Doc.

37)  Defendant now files the instant motion pursuant to Federal Rule of Civil

Procedure 60(b) seeking identical relief.  (Doc. 38)  Defendant's motion is due to be

denied for several reasons.

     First, the Federal Rules of Civil Procedure "govern the procedure in the

United States district courts in all suits of a <u>civil</u> nature."  Fed. R. Civ. P. 1

(emphasis added).  As stated by the Eleventh Circuit in <u>United States v. Mosavi</u>,

138 F.3d 1365, 1366 (11th Cir. 1998), "Rule 60(b) simply does not provide for relief

from judgment in a criminal case."  <u>See also</u> <u>United States v. Fair</u>, 326 F.3d 1317,

1318 (11th Cir. 2003) (quoting <u>Mosavi</u>).

     This does not end the inquiry, however.  District courts are authorized to

recharacterize a *pro se* motion for relief from a criminal judgment as a 28 U.S.C. §

2255 motion.  <u>Castro v. United States</u>, 540 U.S. 375, 382-83 (2003).  Indeed, the

Court must "look behind the label of a motion filed by a *pro se* inmate and

determine whether the motion is, in effect, cognizable under a different remedial

statutory framework."  <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir.

---

[1]  At Defendant's sentencing, counts 2 through 5 were dismissed upon motion of
the Government.

1990).  However, Crum's claim is not cognizable under § 2255.  A § 2255 motion is

not a substitute for direct appeal.  See Lynn v. United States, 365 F.3d 1225, 1232

(11th Cir. 2004).  As the Eleventh Circuit recently explained:

> Unless the claimed error involves a lack of jurisdiction or a
> constitutional violation, § 2255 relief is limited.  An error that is not
> jurisdictional or constitutional will form the basis for § 2255 relief only
> where the claimed error constituted a fundamental defect which
> inherently results in a complete miscarriage of justice.  A non-
> constitutional error that results in a miscarriage of justice should
> present exceptional circumstances where the need for the remedy
> afforded by the writ of habeas corpus is apparent.

Ayuso v. United States, 361 F. App'x 988, 991 (11th Cir. 2010) (internal citations

and quotation marks omitted).  Petitioner's challenge to this Court's imposition of a

two-level enhancement under § 2D1.1(b)(1) is a non-constitutional issue that

provides no basis for collateral relief in this case.  Burke v. United States, 152 F.3d

1329, 1331-32 (11th Cir. 1998); see Lynn, 365 F.3d at 1232; Martin v. United States,

81 F.3d 1083, 1084 (11th Cir. 1996) ("Because a defendant has the right to directly

appeal a sentence pursuant to the Sentencing Guidelines, the defendant is

precluded from raising Guidelines issues in collateral proceedings under § 2255.").

Even assuming, *arguendo*, that his claim were cognizable under § 2255,

Crum waived his right to bring a § 2255 motion as part of his plea agreement.  "The

law is well-established that a criminal defendant who executes a plea agreement

may waive his right to collaterally challenge his conviction and sentence under

§ 2255 if the waiver is made knowingly and voluntarily."  Meraz v. United States,

2012 WL 2358592, at *4 (N.D. Ala. June 14, 2012) (citing United States v. Bushert,

997 F.2d 1343, 1350-51 (11th Cir. 1993)).  The circumstances surrounding the

signing and entry of the plea agreement are considered in determining whether a

defendant accepted the agreement's terms knowingly and voluntarily.  A waiver is

made knowingly and voluntarily if either "(1) the district court specifically

questioned the defendant concerning the sentence appeal waiver during the plea

colloquy, or (2) it is manifestly clear from the record that the defendant otherwise

understood the full significance of the waiver."  Williams v. United States, 396 F.3d

1340, 1341 (11th Cir. 2005) (citation and internal punctuation omitted).  A knowing

and voluntary waiver precludes a defendant from collaterally attacking his

conviction in a Section 2255 motion.[2]  Id. at 1342.

While represented by counsel, Crum pled guilty pursuant to a written plea

agreement containing a sentence appeal waiver, which provided in relevant part:

> As part of the bargained-for exchange represented in this plea
> agreement, and subject to the limited exceptions below,[3] the defendant
> knowingly and voluntarily waives the right to file any direct appeal or
> any collateral attack, including a motion to vacate, set aside, or correct
> sentence under 28 U.S.C. § 2255.  Accordingly, the defendant will not
> challenge his guilty plea, conviction, or sentence (including a sentence
> imposed on revocation of probation or supervised release) in any
> district court or appellate court proceedings.

(Doc. 19 at 11)

---

[2]   While the existence of an appeal waiver does not completely foreclose appellate
review in certain circumstances, see, e.g., Bushert, 997 F.2d at 1350-51 & nn.17-18,
it does in this case.

[3]   Defendant reserved his right to "timely file a direct appeal challenging: (1) any
sentence imposed in excess of the statutory maximum; (2) any sentence which
constitutes an upward departure or variance from the advisory guideline range."
(Doc. 19 at 11)

During the plea colloquy, Crum stated that he was satisfied with his counsel's performance.  He confirmed that he read, understood, and signed the written plea agreement and that his counsel had reviewed the terms and conditions of the agreement with him.  The Court questioned Crum specifically about the appeal waiver, asking if he understood that he was giving up his right to appeal and to file a motion pursuant to § 2255.  Crum indicated his understanding of the provision.  Crum also stated that no one had promised him anything or had otherwise coerced him into pleading guilty.  Crum also informed the Court that he was entering the plea agreement knowingly and voluntarily.

Upon completion of the full colloquy, the Court found that Defendant knowingly, intelligently, and voluntarily entered his plea.  Defendant neither challenges the validity of his plea agreement or the waiver, nor argues that any of the exceptions specified in the waiver apply to permit collateral review of his claim. Consequently, his claim would be barred from federal review, even if it were to be raised pursuant to § 2255.

Accordingly, Defendant's Rule 60(b) motion is **DENIED**.

**DONE and ORDERED** this 28th day of November, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE